**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| Miliyon Hayle | No. 24-2-11885-3 SEA |
| VS | **ORDER SETTING CIVIL CASE SCHEDULE** |
| J.B. Hunt Transport, Inc., Jessy Tuttle | **ASSIGNED JUDGE: Andrea Darvas, Dept. 23**<br>FILED DATE: 05/29/2024<br>TRIAL DATE:06/02/2025 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 05/29/2024 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 11/06/2024 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 11/06/2024 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 11/20/2024 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 12/30/2024 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 02/10/2025 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 02/24/2025 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 02/24/2025 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 04/14/2025 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 05/05/2025 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 05/12/2025 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 05/12/2025 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 05/19/2025 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 05/27/2025 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 05/27/2025 |
| | Trial Date [*See KCLCR 40*]. | 06/02/2025 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 05/29/2024

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.

Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

Peter Shah

PRESIDING JUDGE

FILED
2024 MAY 29 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-11885-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| Miliyon Hayle<br><br>VS<br><br>J.B. Hunt Transport, Inc., Jessy Tuttle | No. 24-2-11885-3 SEA<br><br>**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**<br><br>(CICS) |

**CAUSE OF ACTION**

TMV - Tort /Motor Vehicle

**AREA OF DESIGNATION**

SEA Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING, SEATTLE COURTHOUSE**

| | |
|---|---|
| **MILIYON HAYLE**, as an individual,<br>Plaintiff,<br>vs.<br>**J.B. HUNT TRANSPORT, INC.** a foreign profit corporation, **AND JESSY TUTTLE AND JANE DOE TUTTLE,** as husband and wife,<br>Defendants. | NO. 24-2-11885-3 SEA<br><br>**SUMMONS** |

**TO DEFENDANT:**

A lawsuit has been commenced against you in the above-entitled Court by Miliyon Hayle, Plaintiff.

Plaintiff's claim is stated in the written Plaintiff's Complaint for damages, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD, SUITE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

days after the service of this summons if served in the state of Washington, and within sixty (60) days if served outside the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered. You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

**DATED** this 28th day of May, 2024.

HABTEMARIAM LAW FIRM PLLC

/s/ Neftalem Habtemariam
Neftalem Habtemariam, WSBA #44117
Attorney for Plaintiff

/s/ Alex Romero
Alex Romero, WSBA #56679
Attorney for Plaintiff



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD, SUITE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING, SEATTLE COURTHOUSE**

| | |
|---|---|
| **MILIYON HAYLE,** as an individual,<br>Plaintiff,<br><br>vs.<br>**J.B. HUNT TRANSPORT, INC.** a foreign profit corporation, **AND JESSY TUTTLE AND JANE DOE TUTTLE,** as husband and wife,<br>Defendants. | NO. 24-2-11885-3 SEA<br><br>**COMPLAINT FOR MONEY DAMAGES** |

COMES NOW the Plaintiff, Miliyon Hayle, for a claim against J.B. HUNT TRANSPORT, INC. a foreign profit corporation, Jessy Tuttle, and Jane Doe Tuttle, alleging as follows:

## I. JURISDICTION

1.1 The Court has jurisdiction and venue over the parties and over the subject matter of this action. The tortious act occurred in Seattle, King County.

## II. PARTIES

2.1 Plaintiff Miliyon Hayle resides in Snohomish County, Washington.

2.2 Upon information and belief, Defendant J.B. HUNT TRANSPORT, INC. a foreign profit



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD., STE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

corporation, and is registered to do business in Washington on the date at issue. Defendant J.B. Hunt Transport, Inc. can be served, according to the Washington Secretary of State, with a copy of the Complaint and Summons through its registered agent: CORPORATION SERVICE COMPANY, 300 DESCHUTES WAY SW STE 208 MC-CSC1, TUMWATER, WA, 98501, UNITED STATES.

2.3 J.B. HUNT TRANSPORT, INC. is registered with the U.S. Department of Transportation under DOT number 80806.

2.4 Upon information and belief, Defendants JESSY TUTTLE and JANE DOE TUTTLE are individuals residing at all times material hereto in Clark County.

2.5 It is unknown whether Defendant JESSY TUTTLE is married; therefore, Plaintiff alleges that if Defendant is married then all actions or omissions conducted by the individual Defendant as set forth herein were done for or on behalf of the marital community compromised thereof.

2.6 All acts and/or omissions hereinafter alleged as performed by Defendant JESSY TUTTLE were performed during the course of his employment by J.B. HUNT TRANSPORT, INC.

## III. FACTS OF THE CRASH

3.1 All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

3.2 On June 17, 2023, at or around 09:20 AM, Plaintiff Hayle was traveling northbound on N 135TH ST, near the intersection on AURORA AVE N in Seattle, Washington.

3.3 Defendant Jessy Tuttle was driving a 2021 tractor-trailer northbound on N 135TH ST, directly in front of Plaintiff.



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD., STE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

3.4 Defendant Tuttle stopped at the intersection, before crossing it.

3.5 Plaintiff Hayle stopped his vehicle behind Defendant's truck.

3.6 Defendant Tuttle was not paying attention to the vehicles behind him and allowed the tractor-trailer to roll backward.

3.7 Defendant Tuttle crashed into the front side of Plaintiff's vehicle.

3.8 Defendant Tuttle was cited for inattentive driving.

3.9 Defendant Tuttle failed to exercise due care while operating his tractor-trailer.

3.10 Defendant Tuttle was driving the tractor-trailer in a careless, negligent, and dangerous manner.

3.11 Defendant Tuttle is an employee of Defendant J.B. HUNT TRANSPORT, INC. He was driving his work tractor-trailer at the time of the crash.

3.12 Defendant J.B. HUNT TRANSPORT, INC. provides third-party logistics services and acts as a carrier/broker.

3.13 The crash was solely caused by the negligence of the Defendants, individually and collectively, and the careless driving of Defendant Tuttle.

3.14 Plaintiff Hayle was injured as a result of the crash due to the negligence, and gross negligence, of the Defendants individually and collectively.

3.15 No action of Plaintiff Hayle contributed to cause the crash.

## IV. NEGLIGENCE OF DEFENDANT JESSY TUTTLE

4.1 All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

4.2 Defendant Tuttle was negligent for inattentive driving, improper lane usage, and violating



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD., STE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

the rules of the road. The actions of Defendant prior to the subject collision were negligent and were the proximate cause of all of the damages claimed herein.

4.3 The crash was caused by the negligence of the Defendants and the careless driving of Defendant Tuttle.

4.4 Defendant Tuttle failed to exercise due care while operating his tractor-trailer and was driving his tractor-trailer in a careless, negligent, and dangerous manner.

4.5 At the time and place of this crash, Defendant Tuttle was generally negligent under the circumstances then and there existing in that he:

a. failed to keep his tractor-trailer under control;

b. failed to keep a proper lookout;

c. failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the crash;

d. failed to keep a safe and reasonable distance between other vehicles and his tractor-trailer;

e. failed to inspect the tractor trailer in a manner considerate of the safety and lives of the other persons lawfully on the road;

f. failed to operate the tractor trailer in a manner considerate of the safety and lives of the other persons lawfully on the road;

g. failed to yield the right of way;

h. Failed to obtain or have the necessary knowledge, training and experience to safely operate his vehicle;

i. Failed to maintain a knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operations in violation of 49 C.F.R. § 383.111;

j. Other instances of negligence as discovery reveals.



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD., STE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

4.6 Defendant Tuttle will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence per se, including but not limited to:

a. §383 Commercial Driver's License Standards

b. §390 General

c. §391 Qualifications of Drivers

d. §392 Driving of Commercial Motor Vehicles

e. §393 Parts and Accessories Necessary for Safe Operation

f. §395 Hours of Services

g. §396 Inspections, Repairs, and Maintenances

4.7 Defendant Tuttle's negligence and gross negligence, individually and collectively with the negligence of the other Defendants was a proximate cause of the crash and the resulting injuries and damages to Plaintiff Hayle.

## V. NEGLIGENCE OF J.B HUNT TRANSPORT, INC.

5.1 All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein. Upon information and belief:

5.2 Defendant J.B. HUNT TRANSPORT, INC., was the employer of Defendant Tuttle at the time of the crash and all other relevant times.

5.3 At all times relevant hereto, Defendant Tuttle was acting within the course and scope of Defendants J.B. HUNT TRANSPORT, INC.

5.4 At all times relevant to this cause of action, Defendant J.B. HUNT TRANSPORT, INC. was subject to and required to obey the minimum safety standards established by the



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD., STE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §§ 301-399).

5.5 The operation of a trucking company and the hiring, qualifying, training, and supervising of its drivers requires care and skill to be done safely or it is foreseeable that serious harm and injury will occur to the traveling public.

5.6 Defendant J.B. HUNT TRANSPORT, INC.'s acts, and failures to act, as described below and above resulted in foreseeable harm to Plaintiff Hayle.

5.7 The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence per se, including but not limited to:

a. § 383 Commercial Drivers License Standards

b. § 390 General

c. § 391 Qualifications of Drivers

d. § 392 Driving of Commercial Motor Vehicles

e. § 393 Parts and Accessories Necessary for Safe Operation

f. § 395 Hours of Services

g. §396 Inspection, Repair, and Maintenance

5.8 Defendant J.B. HUNT TRANSPORT, INC. was required to qualify and hire safe truck drivers and to teach and train those drivers so that they are able to understand and obey the rules and regulations contained in the Commercial Driver's License Manual and carry out their duties and obligations thereunder.

5.9 Defendant J.B. HUNT TRANSPORT, INC. was negligent, and grossly negligent, in:

a. hiring and/or contracting with Defendant Tuttle to drive the tractor-trailer at issue;

b. training of Defendant Tuttle on the FMCSR and Commercial Drivers Manual;



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD., STE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

c. failing to supervise Defendant Tuttle while driving the tractor-trailer;

d. failing to train Defendant Tuttle to properly drive the tractor-trailer;

e. entrusting Defendant Tuttle with the tractor-trailer;

f. retaining Defendant Tuttle to drive the tractor-trailer;

g. failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Tuttle;

h. failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle; and

5.10 Defendants J.B. HUNT TRANSPORT, INC. had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

5.11 Defendant J.B. HUNT TRANSPORT, INC. through their agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

a. The risks associated with unsafe drivers,

b. The risks associated with failing to train drivers to obey the FMCSR,

c. The risks associated with failing to train drivers to follow the Commercial Drivers Manual,

d. The risks associated with failing to train drivers to follow minimum driving standards for commercial drivers,

e. The risks associated with failing to have adequate risk management policies and procedures in place,

f. Failing to have policies and procedures in place to identify undertrained and unqualified drivers,



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD., STE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

g. Failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Tuttle once he was hired,

h. Failing to implement and follow a written safety plan,

i. Failing to protect the members of the public, such as the Plaintiff, from the risks described above,

j. Failing to use the composite knowledge reasonably available to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk,

k. Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above.

5.12 Defendants J.B. HUNT TRANSPORT, INC. had a duty to ensure any potential tractor trailer driver employee was safe, qualified and licensed in order to be hired and continued to be safe, qualified and licensed to remain employed as a CDL driver.

5.13 Defendants J.B. HUNT TRANSPORT, INC. had a duty to properly perform safety and background checks on Defendant Tuttle.

5.14 Defendants J.B. HUNT TRANSPORT, INC. had a duty to ensure its driver qualification process for hiring and maintaining drivers was adequate and in compliance with the FMCSR.

5.15 The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and Defendants were subject to and required to obey these regulations at the time of the crash and at all relevant times prior to the crash.

5.16 At all times relevant hereto, Defendant Tuttle was a truck driver for Defendant J.B. HUNT TRANSPORT, INC. and was acting within the scope and course of the



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD., STE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

business and employment.

5.17 At all times relevant hereto, Defendant J.B. HUNT TRANSPORT, INC. was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law.

5.18 The Defendant had a duty to maintain the tractor-trailer to ensure the safety of citizens on the roads, interstates and highways.

5.19 In order to put the matter at issue, Plaintiff alleges that Defendant J.B. HUNT TRANSPORT, INC. was negligent in the hiring, qualifying, supervising, training, and retention of Defendant Tuttle and is responsible for negligent entrustment of the tractor-trailer to his care, and these acts of negligence, and gross negligence, individually and combined and concurring with the acts of negligence of the other Defendants were a proximate cause of the damages.

## VI. NO OTHER AT-FAULT PARTIES

6.1 All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

6.2 Defendants above-named is the only "at fault" entities, or potentially "at fault" entities (as that term is defined in RCW 4.22.015) in this accident. There are no *non-party* "at fault" entities who are in any way or percentage "at fault" for this accident and/or for Plaintiff's injuries and damages proximately resulting therefrom.

## VII. DAMAGES

7.1 All preceding statements of the complaint are incorporated herein and realleged as if



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD., STE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

expressly set forth herein.

7.2 As a proximate result of the negligence of the Defendants, Plaintiff sustained injuries impairing their health and capacity, including, but not necessarily limited to the following: bodily injury, loss of ability and capacity to enjoy life; loss of wage, medical bills, past and future, in an amount now unknown but which will be proven at the time of trial; physical and mental pain and suffering; and to their general damages; and property damage all in an amount to be proven at the time of trial.

## VIII. PRE-JUDGMENT INTEREST

8.1 Plaintiff is entitled to pre-judgment interest on all damages ultimately awarded as a result of the subject accident from the date any such damages were incurred.

## IV. PHYSICIAN-PATIENT PRIVILEGE

9.1 All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

9.2 Plaintiff asserts their physician-patient privilege for 88 days following the filing of this complaint. On the 89th day following the filing of this complaint, Plaintiff hereby waives their physician-patient privilege. That waiver is conditioned and limited as follows: (1) Plaintiff does not waive their constitutional right of privacy; (2) Plaintiff does not authorize contact with their health care providers of any kind except by judicial proceedings authorized by the Rules of Civil Procedure; and (3) representatives of the Defendants are specifically instructed not to attempt ex-parte contact with the health care providers of the Plaintiff.



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD., STE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

1. For a judgment of joint and several liability in favor of Plaintiff and against the Defendants.
2. For an award of damages in favor of the Plaintiff and against the Defendants in amounts to be proven at the time of trial;
3. For an award of prejudgment interest at the statutory rate on Plaintiff's economic damages;
4. For an award of prejudgment interest on Plaintiff's non-economic damages to the extent allowed by law;
5. For medical and other treatment expenses, past, present, and future in an amount to be proven at the time of trial.
6. For past and future physical and mental pain and suffering, impairment of ability and capacity to enjoy life, and other general damages, in an amount to be proven at the time of trial.
7. For past and future wage loss.
8. For property damage, loss of use and diminished value.
9. For interest on all damages from the dates incurred.
10. For costs and disbursements incurred herein, including statutory attorney's fees.
11. For such other and further relief as the Court deems just and equitable.

**DATED** this 28th day of May 2024.



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD., STE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

HABTEMARIAM LAW FIRM PLLC
/s/ Neftalem Habtemariam
Neftalem Habtemariam, WSBA #44117
Attorney for Plaintiff

/s/ Alex Romero
Alex Romero, WSBA #56679
Attorney for Plaintiff



HABTEMARIAM LAW FIRM PLLC
ATTORNEYS AT LAW
16005 INTERNATIONAL BLVD., STE B
SEATAC, WASHINGTON 98188
(206) 624-1820 • FAX (206) 717-7093

Honorable Judge Andrea Darvas

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING, SEATTLE COURTHOUSE

| | |
|---|---|
| MILIYON HAYLE, as an individual,<br><br>Plaintiff,<br><br>vs.<br><br>J.B. HUNT TRANSPORT, INC., a foreign profit corporation, AND JESSY TUTTLE AND JANE DOE TUTTLE, as husband and wife,<br><br>Defendants, | NO. 24-2-11885-3 SEA<br><br>NOTICE OF APPEARANCE<br><br>**Clerk's Action Required** |

TO: CLERK OF THE COURT;

AND TO: All Parties of Record

PLEASE TAKE NOTICE that the undersigned attorneys hereby appear for defendants, J.B. HUNT TRANSPORT, INC., a foreign profit corporation, and JESSY TUTTLE and JANE DOE TUTTLE, as husband and wife, without precluding the right to challenge lack of jurisdiction, insufficiency of process and insufficiency of service of process pursuant to CR 12(b). All further pleadings and papers, except original process, shall hereafter be served upon said attorneys.

//



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

MERRICK, HOFSTEDT & LINDSEY, P.S.

DATED this 10th day of June, 2024.

*/s/ Rossi F. Maddalena*
Rossi F. Maddalena, WSBA #39351
Christopher A. Campbell, WSBA #2157
*Attorney for Defendants J.B. Hunt Transport, Inc. and Tuttle*

## DECLARATION OF SERVICE

I declare that I am a citizen of the United States of America, a resident of the State of Washington, am over the age of twenty-one years, am not a party to this action and am competent to be a witness herein. I declare that I caused to be served as indicated below:

| | |
|---|---|
| Neftalem Habtemariam, WSBA #44117<br>Alex Romero, WSBA #56679<br>Habtemariam Law Firm, PLLC<br>Attorneys at Law<br>16005 International Blvd, Ste. B<br>SeaTac, WA 98188<br>Phone: (206) 624-1820<br>Fax: (206) 717-7093<br>***Attorney for Plaintiff*** | [x] E-Service<br>[x] E-mail<br>[ ] US Mail<br>[ ] Messenger/Process Service<br><br>Email: neftalem@habtemariamlaw.com<br>Email: alex@habtemariamlaw.com |

EXECUTED this 10th day of June, 2024, at Seattle, Washington

*/s/ Veronica Abraham*
Veronica M. Abraham, Legal Assistant



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610