UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MILIYON HAYLE,

              Plaintiff,

   v.

J.B. HUNT TRANSPORTATION INC., et al.,

              Defendants.

Case No. 2:24-cv-00956-TLF

ORDER ON MOTION TO REMAND

This matter comes before the Court on plaintiff's motion to remand for lack of subject matter jurisdiction. Dkt. 11. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 12, 31.

BACKGROUND

Plaintiff initially filed this action in state court on May 28, 2024. Dkt. 1-3. On June 28, 2024, defendant filed a Notice of Removal. Dkt. 1. Defendants' Notice of Removal stated that removal was proper pursuant to 28 U.S.C. § 1441(a). *Id*. at 2. Defendants stated that this Court had original jurisdiction over the matter under 28 U.S.C. § 1331 because the Complaint contained a claim under the Federal Motor Carrier Safety Regulations ("FMCSR"), 49 CFR §§ 301-399. *Id*. Additionally, defendants asserted that this Court had supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and 1441(c) over plaintiff's common law negligence claims because they arose from the same

ORDER ON MOTION TO REMAND - 1

incident and thus constituted a common nucleus of operative fact. *Id*. In the notice of removal to plaintiff, defendants stated that the Notice of Removal was filed pursuant to U.S.C. § 1441 on the grounds of diversity of citizenship. Dkt. 2 at 1.

On July 24, 2024, plaintiff filed a Motion to Remand to state court for lack of subject matter jurisdiction. Dkt. 11. Plaintiff argues that the reference to FMCSR is used as a safety standard of care, not for an independent claim under FMCSR. *Id*. at 4.

On July 24, 2024, defendants filed an Amended Notice of Removal. Dkt. 15. Defendants again state that the action may be removed under 28 U.S.C. § 1441(a) because it is a civil action founded on a claim or right arising under federal laws, but additionally argue that the action may be removed pursuant to 28 U.S.C. § 1441(b) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the statutory threshold. *Id*. at 2.

On August 8, 2024 plaintiff filed a reply, contesting defendant Tuttle's domicile and arguing that there is no diversity of citizenship. Dkt. 19. Plaintiff also argues that defendants failed to meet their burden to establish the requisite amount in controversy. *Id*.

On August 13, 2024, defendant Jessy Tuttle filed a declaration stating that he moved to Colorado in September of 2023. Dkt. 22. Defendant Tuttle additionally attached a redacted copy of his Colorado Commercial Driver License as an exhibit. Dkt. 22-1.

On September 19, 2024 a hearing was held on the Motion to Remand. Dkt. 29.

DISCUSSION

ORDER ON MOTION TO REMAND - 2

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1447(c) a plaintiff can move to remand to state court after removal, based on jurisdictional or procedural defects in removal. *Kamm v. ITEX Corp.*, 568 F.3d 752, 754-57 (9th Cir. 2009). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the court shall remand the case. 28 U.S.C. § 1447(c).

Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *See Carrington v. City of Tacoma, Dep't of Pub. Utilities, Light Div.*, 276 F. Supp. 3d 1035, 1041 (W.D. Wash. 2017); *see also Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998). The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d at 567; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

A.  Federal Question Jurisdiction

To establish federal question jurisdiction pursuant to 28 U.S.C. § 1331, a claim must arise "under the Constitution, laws, or treaties of the United States." "[P]resence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'

which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams.*, 482 U.S. 386, 392 (1987).

Here, defendants state in the amended notice of removal that this Court has original jurisdiction under 28 U.S.C. § 1331 and this case may be removed under 28 U.S.C. § 1441(a) because this is a civil action founded on a claim or right arising under federal laws. Dkt. 15 at 2. Defendants assert that this is plaintiff's claim premised on violations of the FMCSR. *Id*. Plaintiff argues in the motion to remand that the primary focus of the complaint is a personal injury claim and the reference to the FMCSR is used as a safety standard of care, not for an independent claim under FMCSR. Dkt. 11 at 3-4.

"In Washington . . . the violation of a statute or the breach of a statutory duty is not considered negligence *per se*, but may be considered by the trier of fact only as evidence of negligence." *Veridian Credit Union v. Eddie Bauer*, LLC, 295 F.Supp.3d 1140, 1151 (W.D. Wash 2017) (citing RCW 5.40.050).

Here the complaint makes clear that plaintiff is asserting a negligence claim and the allegations regarding negligence *per se* pertain to the negligence claim; the complaint asserts that defendant Tuttle was negligent in violating the rule of the road and defendant J.B. Hunt was negligent in hiring and training defendant Tuttle. *See* Dkt. 1-3 at 12-14, 14-18. It is also clear that the claim arises under state law because, as plaintiff has argued, there is no private cause of action arising out of the FMCSR. *See Lidstrom v. Scotlynn Commodities Inc.*, 2024 WL 2886570 at *5 (E.D. Wash. 2024).

ORDER ON MOTION TO REMAND - 4

However, a state claim may implicate federal jurisdiction "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Plaintiff argues that the reference to FMCSR is a factual assertion of a duty owed and breached, in support of his state law negligence claim. Dkt. 11 at 4. Defendants do not meaningfully contest this argument but rather state that because Washington law does not recognize a claim of negligence *per se* "this is a civil action over which the Western District of Washington has original jurisdiction under 28 U.S.C. 1331." Dkt. 15 at 2. Defendants also argue in a footnote that "Plaintiff now seeks to change their allegations and now admit they do not have, nor can assert an independent federal claim. Defendants agree that plaintiff has failed to state a claim upon which relief can be granted based on their admissions and statements in their pending motion. *Id*. at 2, fn. 2.

Defendants have not met their burden to show that the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983).

B. Diversity Jurisdiction

Pursuant to 28 U.S.C.§ 1441(a) and 28 U.S.C. § 1332, the District Court has diversity jurisdiction over all civil actions where the amount in controversy is greater than $75,000 exclusive of interest and costs, and where the civil action is between citizens of different states. Federal subject matter jurisdiction under 28 U.S.C. § 1332

requires complete diversity of state citizenship between the plaintiff and all the defendants. *Americold Realty Tr. v. ConAgra Foods, Inc.,* 577 U.S. 378, 382 (2016); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir 2001). The party seeking to invoke the federal court's jurisdiction on grounds of diversity jurisdiction "always bears the burden of both pleading and proving diversity jurisdiction." *NewGen LLC v. Safe Cig, LLC,* 840 F.3d 606, 613-14 (9th Cir. 2016).

      i.      Diversity of Citizenship

According to the complaint, plaintiff resides in Snohomish County, Washington. Dkt. 1-3 at 10. Defendants do not dispute this. The complaint further alleges that J.B. Hunt is a foreign profit corporation and defendants Jessy Tuttle and Jane Doe Tuttle reside in Clark County. *Id*. at 11. The parties agree that J.B. Hunt is a foreign corporation. Dkt. 15 at 2.

However, the Amended Notice of Removal states that defendant Tuttle is domiciled in the state of Colorado. *Id*. Additionally, defendants filed a declaration of Jessy Tuttle and he states that he moved to Colorado in September of 2023 with no intention of returning to reside in Washington. Dkt. 22 at 1-2. He states that in September 2023 he transferred his work dispatch location to Colorado. *Id*. at 2.

As support, defendants attached to the declaration a redacted copy of Mr. Tuttle's Colorado Commercial Driver License as exhibit 1. Dkt. 22-1. The Driver License was issued November 1, 2023. *Id*. At the hearing, the defense indicated that Mr. Tuttle is engaged in divorce proceedings in Colorado.

Plaintiff presents a copy of Mr. Tuttle's Washington Enhanced Commercial Driver License as Exhibit 2 to the reply, and a printout of the Washington Secretary of State's

ORDER ON MOTION TO REMAND - 6

1  website displaying Jessy Tuttle's Voter Portal as exhibit 3. Dkt. 18-2, 18-3. Both the
2  Driver License and the Voter Portal list an address in Vancouver Washington. *Id*. The
3  Driver License was issued on April 19, 2022. Dkt. 18-2.

4        Citizenship for the purpose of diversity jurisdiction is determined by the
5  individual's state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.
6  2001). "One's domicile is [their] 'permanent home' – that is, where (i) [he] resides, (ii)
7  'with the intention to remain or to which [he] intends to return.'" *Adams v. W. Marine*
8  *Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (citing *Kanter* at 857). "A defendant
9  may satisfy its burden to show diversity of citizenship using a declaration, but the claim
10 for domicile should be 'evaluated in terms of objective facts' and 'statements of intent
11 are entitled to little weight when in conflict with facts.'" *Briggs v. Serv. Corp. Int'l*, 653
12 F.Supp.3d 839, 845 (W.D. Wash. 2023) (quoting *Lew v. Moss*, 797 F.2d, 750 (9th Cir.
13 1986).

14       The Court concludes that defendant Tuttle has produced sufficient objective
15 evidence to show he is domiciled in Colorado for the purpose of diversity jurisdiction,
16 based on the declaration and Colorado Driver License. Dkt. 22, 22-1. The Colorado
17 Driver License was issued subsequent to the Washington Driver License and thus
18 supports defendant Tuttle's assertion that he moved to Colorado last fall and intends to
19 remain there.

20       ii.    Amount in Controversy
21       Defendants contend that they have a good faith belief that the amount in
22 controversy exceeds $75,000 based on plaintiff's pre-litigation demands, allegations in
23 plaintiff's complaint, and the procedural history before removal. Dkt. 15 at 3.

24

25

The face of the complaint must be reviewed first, to determine whether the amount in controversy exceeds $75,000. *See Chavez v. JPMorgan Chase &Co.*, 888 F. 3d 413, 416 (9th Cir. 2018). If the complaint does not allege a specific value, a defendant's notice of removal that plausibly states that the amount in controversy exceeds $75,000 will be accepted. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

If the plaintiff contests the defendant's allegations, the court must determine whether the amount in controversy requirement is satisfied by a preponderance of the evidence. *Id.* at 88. In making this determination the court considers "'summary-judgment type evidence relevant to the amount in controversy at the time of removal'" presented by both sides. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

In this case, the amount in controversy cannot be discerned from the face of the complaint. Plaintiff did not include a monetary figure. Instead, plaintiff lists the damages as

> bodily injury, loss of ability and capacity to enjoy life; loss of wage, medical bills past and future in an amount now unknown but which will be proven at the time of trial; physical and mental pain and suffering; and to their general damages; and property damage all in an amount to be proven at the time of trial.

Dkt. 1-3 at 19.

Defendants assert that "[b]ased upon Plaintiff's pre-litigation demands, allegations in Plaintiff's Complaint, and the procedural history before removal, Defendant in good faith believes the amount in controversy exceeds $75,000." Dkt. 15 at 3. As support for this, counsel for defendants filed a subjoined declaration with the

ORDER ON MOTION TO REMAND - 8

amended notice of removal. Dkt. 15 at 4-5. Counsel for defendants lists the following bases for the assertion that the amount in controversy exceeds $75,000:

- Plaintiff filed this matter in King County Superior Court and made no indication of intent to assign the matter to mandatory arbitration, wherein the jurisdictional limit is $100,000.
- Plaintiff's counsel made a "policy limit" demand to J.B. Hunt; as an interstate carrier, J.B. Hunt's applicable minimum coverage under such a policy of insurance is in excess of $75,000.
- In that demand, Plaintiff's counsel stated that as of April 18, 2024, special damages totaled $34,048.57. In addition, Plaintiff seeks an unspecified amount of future damages as well as an indeterminate award of general damages.
- Finally, Plaintiff alleges that he has ongoing headaches, neck and back pain, and additional physical limitations that impact in daily living and recreational activities.

Dkt. 15 at 4.

In response, plaintiff argues that defendants have failed to meet their burden because the deadline to file the statement of arbitrability has not passed and defendants did not establish the amount of their policy limits. Dkt. 18 at 7.

Here defendants have not presented evidence that it was more likely than not that the amount in controversy exceeds $75,000. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004). "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's

ORDER ON MOTION TO REMAND - 9

1 claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Defendants did not submit a demand letter to the Court and therefore the Court is unable to verify whether the demand is a reasonable estimate of plaintiff's claim.

Furthermore, the record is insufficient to conclude that the "unspecified amount of future damages" and "indeterminate award of general damages" bridges the gap between the $34,048.57 of the demand letter and the $75,000 jurisdictional requirement. Nor do defendants establish that the monetary impact of the ongoing headaches, neck pain, and additional physical limitations would be sufficient to do so. *See* Dkt. 15 at 4. Defendants do not cite any relevant case law or provide any evidence beyond the expertise and experience of defendants' attorney. Conclusory allegations are insufficient to establish the amount in controversy. *Matheson*, 319 F.3d at 1090-91.

As for defendants' remaining arguments concerning mandatory arbitration and the policy limit demand, defendants have not met their burden. Plaintiff correctly states that the deadline to file the statement of arbitrability has not passed; at the time of removal, the King County Superior Court Case Schedule listed November 6, 2024 as the last day for filing a statement of arbitrability without a showing of good cause for late filing. Dkt. 1-3 at 3.  Additionally, defendants have not shown that plaintiff's "policy limits" demand was a reasonable estimate of plaintiff's claim, particularly considering plaintiff's statement that defendants did not establish the amount of their policy limits. *See* Dkt. 18 at 7.

Therefore, defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The requirements for subject matter jurisdiction have not been met, and plaintiff's motion to remand is therefore GRANTED. This case is REMANDED to King County Superior Court.

C. Attorney's Fees

Plaintiff requests the Court award attorney's fees pursuant to 28 U.S.C. § 1447(c). Dkt. 11 at 6. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Such is not the case here. As stated during oral argument, when filing the initial notice of removal defendants concluded that the face of the complaint stated a claim based on federal law because Washington state does not recognize negligence *per se*, and the claim was based on the FMCSR. Furthermore, defendants presented evidence that they attempted to clarify with plaintiff whether the amount in controversy was less than $75,000. *See* Dkt. 15-1.

The plaintiff's motion for attorney's fees is DENIED.

Dated this 16th day of October, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER ON MOTION TO REMAND - 11